Johnny WEAVER, et al. *v.* James F. VALLEY, et al.

05-1367                                                            235 S.W.3d 513

Supreme Court of Arkansas
Opinion delivered May 11, 2006

*J.L. Wilson*, for appellants.

No response.

Per Curiam. Appellant Johnny Weaver, in his official capacity as Mayor of West Helena, and Appellants Calvin Holden, Eddie Lee, Nathan Ashwood, Clarence Richardson, and Edward Joshaway, in their official capacity as members of the West Helena City Council, filed a timely notice of appeal from an order entered by the Phillips County Circuit Court on December 9, 2005, following a hearing on December 2, 2005, in which the court considered a petition to set aside certain actions allegedly taken by the West Helena City Council. The petition filed by Edward H. Schieffler and William F. Coad, in their official capacity as members of the West Helena City Council, also requested a declaratory judgment pursuant to Ark. Code Ann. § 16-11-101 *et seq.* (Repl. 1999), injunctive relief and the issuance of contempt citations.

In its December 9, 2005 order, the circuit court ruled that following the General Assembly's enactment of legislation that allowed for the consolidation of the City of West Helena with the City of Helena and the resulting early termination of the terms of office of some elected officials, the West Helena City Council was without authority to pass an ordinance, resolution, or vote to compensate the West Helena elected officials for the year 2006. Based upon its finding that the West Helena City Council and the Mayor of West Helena had disregarded the prohibitions set forth in Ark. Code Ann. § 14-40-1213 (Repl. 1998), the court ordered the West Helena City Council to recover the 2006 salaries from those elected officials who had received them. The circuit court also enjoined the West Helena City Council and the Mayor of West Helena from (1) making or incurring any debts, obligations, or expenditures; (2) paying any debts, obligations, or expenditures; and (3) taking any action which obligates the city or reduces the city's coffers, bank accounts, assets, or holdings without prior permission of the court. The only exception to the court's injunction involved the city's payment of regular payroll for city employees at current rates and amounts.

Upon filing their notice of appeal, Appellants simultaneously filed a motion to expedite the appeal and preparation of the transcript in this court. We granted the motion on January 12, 2006, and issued a writ of certiorari to complete the record, returnable on February 11, 2006. Appellants then filed a motion to extend the time for return of the writ to March 13, 2006, which motion this court granted on February 23, 2006. The writ for a complete record was returned on March 10, 2006, when 4 volumes in Case No. CV2004-349-3 and 3 volumes in Case No.

CV2004-377-3 were filed with the clerk of the Supreme Court. Upon the filing of the record, the clerk established a briefing schedule in this expedited appeal, with the Appellants' opening brief due on or before April 9, 2006.

On April 3, 2006, or six days before the deadline for Appellants to file their opening brief, Appellants filed a motion for extension of time that referenced an unrelated appeal in the matter of *J. L. Wilson v. Sayre*, Case No. 04-1053 and alleged that Appellants' attorney of record, J. L. Wilson, needed additional time to research the record and prepare a motion for completion of the record. According to the motion, Appellants' attorney needed an additional sixty-day extension of time because of his trial schedule in both state and federal court and briefs due in three other appeals before the Eighth Circuit Court of Appeals. The requested extension of time would have delayed submission of this expedited appeal until the Supreme Court's 2006-2007 term of court scheduled to begin in September 2006. On April 5, 2006, we denied Appellants' motion for extension of time.

Appellants have now filed a motion to withdraw their appeal. In the motion, Appellants enumerate the following reasons for the withdrawal of their appeal: (1) this court's denial of the motion for an additional sixty-day extension of time; (2) the lack of an opportunity to secure a complete record; (3) the lack of ample time in which to properly brief and submit this case to the court for decision; and (4) an outstanding motion for disqualification of certain members of the court in the matter of *J.L. Wilson v. Sayre*, Case No. 04-1053. They also make the following representation:

> That the appellants have been thoroughly briefed of the difficulties between their advocate or legal representative attorney J.L. Wilson and this court; that the appellants have been thoroughly briefed on the uniqueness of the Appeal and the need for a complete record in order to be comprehensive in their arguments and the failure of the court to extend time defeats that ability.

Finally, Appellants assert that they have a pending action in federal court involving constitutional issues not litigated in state court, and they believe "based upon this court's actions against them, that their better course would be to argue all constitutional rights and voting rights in the Federal District Court, rather than risk a debacle in this court."

■ While the reasons given by Appellants for withdrawing their appeal are not supported by the record, as summarized earlier in this opinion, Appellants may withdraw their appeal before the case is submitted to the court for decision without giving a reason. Accordingly, the motion to withdraw appeal is hereby granted.